983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alberto Aduna FRIAS, Petitioner-Appellant,
v.
Eddie R. MYERS, Respondent-Appellee.
 No. 91-15683.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1992.*
Decided Jan. 14, 1993.
 
 Before CHAMBERS, HUG and RYMER, Circuit Judges.**
 
 
 1
 MEMORANDUM***
 
 
 2
 The issue in this case is whether Alberto Frias' pro se petition for a writ of habeas corpus was properly denied as successive. We affirm.
 
 
 3
 Frias, a California state prisoner, filed his first petition for a writ of habeas corpus ("Petition I") in federal district court pursuant to 28 U.S.C. § 2254 on November 8, 1988. Five claims were raised in the petition. First, Frias alleged that the state court improperly denied him release pending appeal. The next two claims alleged that the state court had discriminated against him by denying him the right to self-representation. The last two claims alleged ineffective assistance of counsel. On August 4, 1989, the district court dismissed the first claim with prejudice because it had been dismissed previously on the merits. The other four claims were dismissed with leave to amend to state sufficient supporting facts.
 
 
 4
 On September 5, 1989, Frias filed an amended petition ("Petition II"). That petition was denied on April 6, 1990, on the ground that Frias had failed to provide sufficient facts to support his allegations of denial of self-representation and prejudice from ineffective assistance of counsel.
 
 
 5
 In an apparent attempt to appeal the district court's denial of Petition II, Frias filed a petition for a writ of habeas corpus ("Petition III") with this court more than 30 days after the district court's denial of Petition II. Petition III was untimely if it was an appeal. The motions panel construed Petition III as a new petition and transferred it to the district court.
 
 
 6
 Petition III was denied by the district court on February 4, 1991, on the ground that it was identical to Petition II. In an apparent attempt to appeal the district court's denial of Petition III, Frias filed a petition for a writ of habeas corpus with this court on February 27, 1991 ("Petition IV"). We construe Petition IV as a notice of appeal, timely filed within 30 days of the district court order.
 
 
 7
 If Petition III had been considered as a notice of appeal of Petition II, the appeal would have had to be dismissed because it was filed more than 30 days after the order dismissing Petition II. Thus, Petition III, to be considered at all, had to be considered as a new petition. We have reviewed Petition II and Petition III and agree with the district court that they are identical. The district court properly dismissed Petition III on that ground, implicitly finding that it was an abuse of the writ. Frias made no showing as required by Sanders v. United States, 373 U.S. 1, 15-17 (1963), that his successive petition should be considered.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Judge Chambers agreed to the result of this disposition at the conference of the panel; however, due to illness, he has not been able to review the written disposition
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3